IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2996-JLK

WAYNE McDONALD,

    Plaintiff,

v.

LESLI BRANCH WISE, in her official capacity as a Denver Police Officer and in her individual capacity,
AMBER MILLER, in her official capacity as the Mayor's Press Secretary and in her individual capacity,
MICHAEL HANCOCK, in his official capacity as Mayor and in his individual capacity, and
CITY AND COUNTY OF DENVER,

    Defendants.
_____

ORDER GRANTING MOTION TO DISMISS  - LESLIE BRANCH WISE
_____

KANE, J.

Plaintiff, a former advisor to Denver Mayor Michael Hancock, was terminated from his position after a Denver policewoman who worked on the Mayor's security detail complained he had sexually harassed her.  Plaintiff denies the allegations, and filed suit. Plaintiff names the police officer as a Defendant, asserting a claim for defamation against her.  Plaintiff also names the City, the Mayor, and the Mayor's press secretary, asserting claims for invasion of privacy, breach of contract, and federal and state due process violations against them in their individual and official capacities. I have original jurisdiction over the action under 28 U.S.C. § 1331 based on the federal due process claim, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

The claims are rife with problems, and both the police officer and the City Defendants move to dismiss. Writing separately on the police officer's Motion (Doc. 17), I order the Motion GRANTED and Plaintiff's claim against her dismissed.

*Discussion.*

During the time relevant to his claims and until his termination in May or June of 2012, Plaintiff Wayne McDonald served as an advisor and projects manager for Denver mayor Michael Hancock. Police officer Lesli Branch Wise was a member of the Mayor's security detail. Am. Compl. ¶ 21. As McDonald traveled around the city with Hancock, he "would see and interact with Wise." Am. Compl. ¶ 23. McDonald acknowledges he and Wise "engaged in conversations ranging from workplace issues, sporting events, and personal matters," on the phone and in person, over a period of time from July 2011 to March 2012. *Id.* ¶¶ 23-34. McDonald identifies 41 telephone calls between them, and alleges all were initiated by Wise. *See* Am. Compl. ¶¶ 24-29, 33)(identifying 41 separate telephone calls, all placed by Wise to his "personal cell phone"). The two exchanged Christmas gifts in December 2011. The last day McDonald saw Wise was on or about March 11, 2012 when Wise "came to the church McDonald attends," and "McDonald introduced [her] to his family members." Am. Compl. ¶ 32. They had no communications or other contact after March 14, 2012.

On May 18, 2012, McDonald was called to a meeting where he was told Wise had accused him of sexual harassment. Am. Compl. ¶ 37-38. He denied the allegation (*id.* ¶ 39), agreed to cooperate in an investigation by Mountain Sates Employer's Council (¶¶ 40-

43), and understood he would be suspended from his job pending the outcome of the investigation and a hearing. ¶ 44. Instead, on May 18, 2012, he was called to a meeting at Racine's Restaurant and was told to resign or be fired. *Id.* ¶ 46. McDonald denied the allegations, and was fired effective that day. ¶ 49.

McDonald's defamation claim against Wise is rife with problems, not the least of which is that public employees, such as police officers, are immune from liability in tort unless the act or omission causing injury is both "willful and wanton" and pled with particularity. *See* Colo. Rev. Stat. § 24-10-118(2)(a) & (5)(a) (2012).[1] McDonald's allegations fail on both counts.[2] Moreover, even if Wise were a private person not entitled to immunity under the CGIA, his allegations are insufficient to state a viable claim for defamation under Colorado law.

Defamation is a communication that holds an individual up to "contempt or ridicule thereby causing him to incur injury or damage." *Keohane v. Stewart*, 882 P.2d 1293, 1297-1298 (Colo. 1994)(citing W. Page Keeton et al., Prosser and Keeton on the Law of

---

[1] The Colorado Governmental Immunity Act (CGIA) grants public entities and employees immunity from liability in tort unless the act or omission causing injury was "willful and wanton," and provides that the factual basis of an allegation of willful and wanton be stated with specificity in the complaint. *See* Colo. Rev. Stat. § 24-10-118(2)(a) & (5)(a) (2012).

[2] Conclusory allegations of willfulness and wantonness or the conflating, for pleading purposes, of that concept with the "knowing" or "reckless" scienter element of a claim for defamation, are both fatal to an effort to overcome the immunity granted public employees under the CGIA. *See Zerr v. Johnson*, 894 F. Supp. 372 (D. Colo. 1995)(Kane, J.)("the import of 'willfulness and wantonness' in the tort of defamation differs from that in C.R.S. § 13-21-102 by virtue of the object to which each is directed . . . . [t]he distinction is that in the first instance the statement is published knowing it is false or [recklessly] indifferent to its falsity whilst in the second instance the publication is uttered with intent or reckless disregard of the injury it causes"). McDonald's Amended Complaint suffers both flaws.

Torts § 111, at 771-85 (5th ed. 1984)). It is made deliberately and purposefully to cause harm, without any countervailing privileged purpose such as free expression, or opining on matters of public interest. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 12-14 (1990)(discussing principle of "fair comment" and the protection of statements that concern matters of public interest, represent the actual opinion of the speaker, and were not made "solely for the purpose of causing harm"). Here, the allegedly defamatory statement was made in an employment context, with no indication in any non-conclusory facts alleged that Wise "published" them to any "third party" outside the normal grievance process. Nor are there any non-conclusory facts alleged that suggest Wise's intent or purpose in accusing McDonald of sexual harassment, and no allegations from which one could infer that her purpose in doing so was to cause McDonald harm.

The entirety of McDonald's defamation allegations in his Amended Complaint are as follows:

> 79. Acting under color of law, Wise reported to City officials and employees that McDonald sexually harassed her.
>
> 80. This statement is false.
>
> 81. This statement is defamatory because it harmed McDonald's reputation, caused him to be fired from his job, caused him to be held up to public ridicule and contempt, and has deterred others from associating with him.
>
> 82. At the time Wise published this statement to third parties, she knew the statement was false and defamatory.
>
> 83. The unlawful action Wise took against McDonald was as taken in malicious, willful, wanton, reckless indifference to, deliberate indifference to, and/or reckless disregard of McDonald's rights as guaranteed by laws prohibiting

>       defamation.
>
> 84.   As a direct, foreseeable, and proximate result of Wise's intentional illegal conduct complained of herein, McDonald suffered injuries and damages, including but not limited to lost income and benefits, damage to his reputation, and emotional distress.  These injuries and damages continue into the present and will continue into the foreseeable future.
>
> 85.   McDonald requests relief as hereinafter provided.

These are precisely the sort of conclusory and formulaic incantations courts must ignore in assessing the sufficiency of claims under Rule 12(b)(6).[3]

Under the prevailing *Iqbal/Twombly* standard for reviewing a complaint challenged under Rule 12(b)(6) for failure to state a claim, district courts must discern (1) what <u>facts</u>, as opposed to formulaic recitations of the elements of a cause of action and conclusory assertions that they exist in a given case, have properly been alleged and (2) whether those facts are sufficient to raise a right to relief that is plausible on its face.  Here, there is no actual, specific statement attributed to Wise, and no <u>facts</u> – as opposed to conclusory assertions – from which the defamatory nature of the statement or the essential facts of publication and scienter can be inferred.  McDonald admits he knew Ms. Wise, spoke to her regularly, exchanged Christmas gifts, and introduced her to his family at

---

[3]   *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) *and Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under Rule 8(a) pleading standards, a plaintiff's complaint is reviewed for a determination of whether it "'contains enough facts to state . . . claim[s] that [are] plausible on [their] face.'" *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Twombly*, 550 U.S. at 570 and *Iqbal*). "Facts," under the *Twombly* standard, need not be "detailed," but they must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555.

church. As an advisor in the inner circle of the Mayor's office during that time, Ms. Wise's sexual harassment allegations were clearly of public concern or, if not "clearly" so, certainly cannot be said to have been of "no" public interest or concern on the face of Plaintiff's Complaint. McDonald's allegations fail under the applicable pleading standards to state a plausible claim for defamation against Wise.

Further, and in anticipation of an attempt by McDonald to seek to amend his Complaint against Wise for a second time, I express my view that the defamation claim against Ms. Wise is unnecessary to the due process claims forming the crux of McDonald's claims against the City Defendants and stands alone in terms of the essential facts on which it was based. Even if an amended defamation claim against Wise were to pass muster under the CGIA and *Iqbal/Twombly* pleading standards, it is likely I would cleave it from the other claims in this action and dismiss it for lack of federal jurisdiction. Federal courts are courts of limited jurisdiction and I see no reason for an internecine dispute between two public employees, which involves the application of Colorado law and Colorado's governmental immunity act, to be decided here.

For the reasons enumerated above, I GRANT Defendant Wise's Motion (Doc. 17) and ORDER the claim of defamation against her DISMISSED. Because it is the only claim Plaintiff asserts against her, Defendant Wise is also DISMISSED from the lawsuit.

Dated this 1st day of May, 2013, at Denver, Colorado.

                                                **s/John L. Kane**
                                                SENIOR U.S. DISTRICT JUDGE