IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2996-JLK

WAYNE McDONALD,

       Plaintiff,

v.

AMBER MILLER, in her official capacity as the Mayor's Press Secretary and in her individual capacity,
MICHAEL HANCOCK, in his official capacity as Mayor and in his individual capacity, and
CITY AND COUNTY OF DENVER,

       Defendants.
_____

ORDER RE ATTORNEY FEES
_____

Kane, J.

    Plaintiff's claims against Defendants were dismissed in a written Order issued May 13, 2013 (Doc. 22). Plaintiff commenced an appeal of that Order the same day, which appeal is pending. The matter is before me now on Defendants' Motion for Attorney Fees (Doc. 36). Plaintiff has filed a Response to the Motion (Doc. 40). Finding a Reply unnecessary under the circumstances, I issue the following rulings:

    1. Defendants' request for an award of fees under the federal private attorneys general statute, 42 U.S.C. § 1988, is DENIED. The overarching intent and purpose of § 1988 is to provide an incentive for individuals to seek and obtain vindication of injuries to their civil rights. By allowing fee awards to prevailing parties only, the statute already operates as a disincentive to frivolous lawsuits and frivolous claims. To take the further

step of shifting a defendant's fees to plaintiff simply because he does not prevail on the merits of his claim undermines the purpose of § 1988 and should be reserved for the most egregious of cases. While fee awards to prevailing defendants are not precluded under § 1988, none is warranted in this case.

2. Colorado state law is less forgiving, however, and Plaintiff appears to concede the applicability of C.R.S. § 13-17-201. Section 13-17-201 provides for an award of reasonable attorney fees "in all" tort actions dismissed before trial under Rule 12(b) and is not discretionary. Having reviewed the parties submissions and finding the hourly rate and time expended by counsel in this case to be reasonable, I GRANT Defendants' Motion and ORDER attorney fees payable by Plaintiff to Defendants in the amount of $5,949.50. The fee award SHALL BE HELD IN ABATEMENT, however, during the pendency of Plaintiff's appeal or until otherwise ordered by the Court.

  Dated this 1st day of July, 2013, at Denver, Colorado.

               **s/John L. Kane**
               SENIOR U.S. DISTRICT JUDGE